Gloria Maribel CARRILLO–GONZALEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–71997.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2003.*

Filed Dec. 31, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Johnson, Los Angeles, California, for the petitioner.

Robert D. McCallum, Jr., Assistant Attorney General, and Terri J. Scadron and John D. Williams, Office of Immigration Litigation, Washington, D.C., for the respondent.

Before BEEZER, KOZINSKI, Circuit Judges, and SCHWARZER, Senior District Judge.**

---

** The Honorable William W Schwarzer, Senior United States District Court Judge for the Northern District of California, sitting by designation.

1. The DV Lottery Program provides for a certain, limited number of diversity immigrant visas to be made available for a one-year period of time to individuals from countries that have had a historically low rate of immigration to the United States. 8 U.S.C. § 1153(c). If, through a random, lottery-like procedure, an individual is selected to be eligible for such a visa, he or she must then successfully apply and qualify for a diversity immigrant visa before the last day of the fiscal year for which the petition was submitted. 8 U.S.C. § 1154(a)(1)(G)(ii)(I) (1997).

BEEZER, Circuit Judge:

Gloria Maribel Carrillo–Gonzalez, a citizen of Guatemala, seeks review of the Board of Immigration Appeals ("BIA") order affirming the denial of her application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.

After entering the United States without inspection in 1991, Carrillo–Gonzalez filed an application for asylum, withholding of removal and voluntary departure, in the course of which she admitted the charge of deportability. During the pendency of her application, she was selected as eligible for an immigration visa through the Diversity Immigration Visa Lottery Program for 1997 ("DV Lottery Program").[1] Carrillo–Gonzalez submitted an application to the INS for adjustment of status to permanent resident based on the lottery number she received. She subsequently withdrew her application for asylum and withholding of removal.

Carrillo–Gonzalez had not received a diversity visa before the 1997 DV Lottery Program expired on September 30, 1997. She was thus unable to produce an actual visa in support of her adjustment application before the immigration court.

The immigration judge ("IJ") issued an oral order finding Carrillo–Gonzalez deportable as charged and denying her adjustment application. The IJ relied on the fact that Carrillo–Gonzalez did not have an immediately available visa. He rejected her claim that she could remain eligible for

a diversity visa past the one-year statutory deadline. The BIA affirmed the IJ's decision without opinion.

On appeal to this court, Carrillo–Gonzalez argues that the IJ erred in denying her application for adjustment of status. Carrillo–Gonzalez also argues that the doctrine of equitable tolling should be applied to extend the one-year statutory deadline for the 1997 DV Lottery Program because she was defrauded by a notary when attempting to complete her application before the INS for adjustment of status.

## I

■ The BIA affirmed the IJ's decision without opinion and our review focuses on the merits of IJ's decision. 8 C.F.R. § 1003.1(a)(7)(iii). We review the IJ's factual findings under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We review the IJ's legal conclusions *de novo*. *Lopez v. INS*, 184 F.3d 1097, 1099 (9th Cir.1999).

## II

■ Substantial evidence supports the IJ's denial of Carrillo–Gonzalez's application for adjustment. Carrillo–Gonzalez was statutorily required to produce an immediately available immigrant visa before the IJ could grant an adjustment of her status. 8 U.S.C. § 1255(i)(2)(B) (stating that the Attorney General may adjust an alien's status if an "immigrant visa is immediately available to the alien at the time the application is filed"). Aliens are eligible to receive diversity visas through the DV Lottery Program *"only* through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(G)(ii)(II) (emphasis added); *see also* 22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."). Carrillo–Gonzalez's eligibility for a visa un-

der the DV Lottery Program expired on September 30, 1997, long before the IJ issued his decision. The IJ was without authority to grant the adjustment.

## III

■ We hold that the doctrine of equitable tolling has no application in cases involving the Congressionally-mandated, one-year deadline of the DV Lottery Program. An IJ may not invoke equitable powers to override Congress's explicit public policy determinations, reflected in the statutory framework for conferring citizenship. *See INS v. Pangilinan*, 486 U.S. 875, 884–85, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) (holding that "[n]either by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means [did the] court have the power to confer citizenship" to Filipino nationals who served with the United States Armed Forces during World War II under a special immigration statute that had expired). The Supreme Court states in *Pangilinan* that "[t]he power to make someone a citizen of the United States has not been conferred upon the federal courts, like mandamus or injunction, as one of their generally applicable equitable powers." *Id.* at 883–84, 108 S.Ct. 2210.

■ In this case, the record contains no evidence that Carrillo–Gonzalez was in any way defrauded by a notary; Carrillo–Gonzalez forwards this claim solely through the argument of her counsel, which does not constitute evidence. Even if Carrillo–Gonzalez's allegations about being defrauded were true, because she was unable to present a visa to the immigration court, the IJ had no authority under 8 U.S.C. §§ 1154(a)(1)(I)(ii)(II) and 1255(i)(2)(B) to grant an adjustment of status. The IJ was required to comply strictly with the statute's unambiguous terms. *Singh–Bhathal v. INS*, 170 F.3d 943, 946 (9th Cir.

1999) ("Where statutory language is ambiguous, we give effect to Congress's expressed intent.").

Carrillo–Gonzales argues that *Lopez v. INS,* 184 F.3d 1097 (9th Cir.1999), and *Varela v. INS,* 204 F.3d 1237 (9th Cir. 2000), support the argument that equitable tolling is appropriate. Both cases are factually inapposite. Although *Lopez* and *Varela* involve allegations of fraud by non-attorney representatives, the extent of the equitable circumvention is the waiver of numerical page limits, *Varela,* 204 F.3d at 1240, and filing deadlines, *Lopez,* 184 F.3d at 1100, for motions to reopen before the BIA. The use of equity in each case simply allows further consideration before the BIA. It does not infringe upon Congress's power to determine how and when an applicant may become a citizen of the United States. Neither case provides controlling legal authority for Carrillo–Gonzalez's assertion that the IJ should have equitably tolled the DV Lottery Program's clear, statutory deadline. Carrillo–Gonzalez was not entitled to a diversity visa after her eligibility for such a visa had expired.

The petition for review is **DENIED.**