Julio Cesar Portillo MOSCOSO,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71324.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2003.

Submission Withdrawn May 19, 2003.

Resubmitted April 1, 2004.

Decided April 21, 2004.

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

Julio Cesar Portillo Moscoso, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Audrey B. Hemesath, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## ORDER

The memorandum disposition filed April 2, 2004, is hereby withdrawn and replaced by the disposition filed concurrently with this order.

The stay of mandate ordered April 8, 2004, is hereby lifted.

## MEMORANDUM*

Petitioner seeks review of the Board of Immigration Appeals' (BIA or Board) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review. As the parties are familiar with the facts, we recite them only as necessary to explain our decision.

1. We have rejected the contention that the Affirmance Without Opinion (AWO) or "streamlining" procedure, 8 C.F.R. § 1003.1(a)(7), violates due process. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003). Nor did streamlining deny petitioner the regulatory right to an administrative appeal conferred by 8 C.F.R. § 1003.1(b). An affirmance without an opinion *is* a form of appeal. Finally, petitioner's claim that § 1003.1(b) requires appeal to a three-judge panel of the BIA has no basis in the language of the regulation.

2. Portillo argues that his case could not, and that no asylum or withholding of removal case could, properly be streamlined, because such cases invariably involve a "novel fact situation." § 1003.1(a)(7)(ii)(A). As we explained in *Falcon Carriche*, this argument misunderstands what "novel fact situation" means. *See Falcon Carriche*, 350 F.3d at 852 ("[W]hile the facts of each case are different, the legally significant facts often fall into recognizable patterns, and ... where this occurs, a novel fact situation may not be presented." (quoting 64 Fed.Reg. at 56,140 (Oct. 18, 1999))). Moreover, the regulation allows affirmance without opinion when an appeal *either* does not present a novel fact situation *or* when "the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted," § 1003.1(a)(7)(ii)(B), so even novel fact situations can be streamlined under the regulation.

3. In AWO cases, we review the decision of the immigration judge (IJ) as the decision of the Board. § 1003.1(a)(7)(iii); *Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003). Because the IJ denied relief on the basis of her adverse credibility finding, we review that finding for substantial evidence. *Id.; Singh v. INS*, 292 F.3d 1017, 1020 (9th Cir.2002). As the IJ found several elements of Portillo's application and testimony not credible, we must examine each such element. *See Cardenas v. INS*, 294

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1062, 1066 (9th Cir.2002) (finding basis for relief in credible claims notwithstanding incredible ones).

Having reviewed the record, we determine that, while some of the inconsistencies cited by the IJ might have been immaterial or otherwise not probative of Portillo's credibility, the large number of inconsistencies within the petitioner's testimony, and between his testimony and his application, in particular with respect to the most important elements of his testimony, are such as a "reasonable mind might accept as adequate to support a conclusion" that the petitioner was not credible. *See Bonnichsen v. United States,* 357 F.3d 962, 977 n. 19 (9th Cir. 2004) (defining the substantial evidence standard).

Portillo repeatedly testified that the protest at which he was arrested was held in late July 1993, even though the president he claimed to have been protesting left office by June 5 of that year. His testimony regarding his political affiliation, on the one hand, and that of President Jorge Serrano, on the other, against whom he stated he was protesting, was self-contradictory. Further, his testimony contradicted his prior asylum application regarding the nature of his political views.

Given these contradictions, we cannot say that the IJ lacked substantial evidence for her conclusions that Portillo was never wounded by agents of the Guatemalan government, that he therefore had no well-founded fear of persecution, and that he did not likely face torture upon his return to Guatemala.

There was substantial evidence for the IJ's adverse credibility finding. Without the testimony the IJ declined to credit, the petitioner failed to provide substantial evidence that he is entitled to any of the forms of relief he seeks.

4. Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**