**Porfirio MURILLO–LEDESMA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71143.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM **

Porfirio Murillo–Ledesma, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals. ("BIA") dismissal of his appeal from an immigration judge's ("IJ") order pretermitting his application for cancellation of removal because he failed to meet the ten year continuous presence requirement. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal determinations of the BIA, *Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003), and we deny the petition.

Murillo–Ledesma contends that the statements he made to arresting officers regarding his alienage and the date and manner of his entry into the United States should have been suppressed by the IJ as fruit of an unlawful arrest. He further contends that he was denied a full and fair hearing because he was not permitted to present evidence concerning his unlawful arrest.

These contentions fail because generally, the Fourth Amendment's exclusionary rule does not apply to administrative proceedings, and petitioner has not demonstrated that his case warrants an exception to the rule. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1040, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (holding that the exclusionary rule generally does not apply to immigration proceedings); *Adamson v. CIR*, 745 F.2d 541, 545–46 (9th Cir.1984) (providing an exception for "egregious" Fourth Amendment violations).

Further, we reject as meritless Murillo–Ledesma's request to have this case remanded to the BIA for issuance of a new Notice to Appear.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

