Emad MOHAMED, Iffat Sohail, Rabah Khimeche, Aydogan Durmus, Anna Avoykyan, Vera Firsova, Volodymr Pernerovsky, Leonid Lukhmanov, Helena Niconowitch, Antonio Marino, Motoko Nakamura, Ibrahim Abouzeid, Samih Abu–Helal, Johra Alam, Pamela Anderson, Tamara Antotch, Sulayman Gallow Bah, Samuel Bobbie, Victor Bulathikov, Galina Cherkasova, Ashim Das, Elena Dydalina, Ivan Fedortsiv, Alexandre Foursov, Uriy Guschin, Lubomyr Iatsouk, and Mirra Khiltchhenko, Plaintiffs–Appellants,

v.

Alberto R. GONZALES, Attorney General of the United States,* Mary Ann Wyrsch, Acting Commissioner of the Immigration and Naturalization Service, Immigration and Naturalization Service, Edward J. McElroy, District Director, Colin Powell, Department of State, and United States of America, Defendants–Appellees.

---

* Attorney General Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as respondent. *See* Fed. R.App. P. 43(c)(2).

No. 02–6098(L), 04–5497(CON).

United States Court of Appeals,
Second Circuit.

Argued: Jan. 13, 2006.
Decided: Jan. 24, 2006.

Thomas E. Moseley (Michael P. DiRaimondo, Marialaina L. Masi, on the brief),

DiRaimondo & Masi, LLP, Melville, NY, for Plaintiffs–Appellants.

Steven Kim, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Defendants–Appellees.

Before: CABRANES and SACK, Circuit Judges, and AMON, District Judge.**

PER CURIAM.

We consider here the consolidated appeals of the July 20, 2004 Memorandum and Order of Judge Johnson in *Nakamura v. Ashcroft,* 2004 WL 1646777 (E.D.N.Y. July 20, 2004), and the February 21, 2002 Memorandum and Order of Judge Sifton in *Mohamed v. Ashcroft,* No. 99 Civ. 6865 (E.D.N.Y. Feb. 21, 2002). Plaintiffs in both cases allege that they were wrongfully denied visas under the Diversity Immigrant Visa Program ("DV Program"), which would have permitted plaintiffs to adjust their immigration status to that of lawful permanent residents under 8 U.S.C. § 1255(a). *See, e.g., Nakamura,* 2004 WL 1646777, at *1 n. 1 (outlining procedures established under the DV Program).

We agree with the District Court's analysis in *Nakamura,* which concluded that because the INS lacks the statutory authority to grant the relief sought by plaintiffs under the DV Program, plaintiffs' claims are now moot.[1] *See id.* at *2. The

---

** The Honorable Carol B. Amon, United States District Judge for the Eastern District of New York, sitting by designation.

1. We note that in *Mohamed v. Ashcroft,* No. 99 Civ. 6865, slip op. at 9–16 (E.D.N.Y. Feb.

21, 2002), the District Court dismissed plaintiffs' claims on the ground that the plaintiffs there had failed to exhaust their administrative remedies, rather than dismissing those

relevant statutes and regulations impose a strict one-year time limit on the granting of diversity visas, stating that "[a]liens who qualify, through random selection, for a visa [under the DV Program] shall remain eligible to receive such visa *only* through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added); *see also* 22 C.F.R. § 42.33(a)(1) ("The eligibility for a visa ... ceases at the end of the fiscal year in question."); *id.* § 42.33(f) ("Under no circumstances will immigrant visa numbers be allotted after midnight of the last day of the fiscal year for which the petition was submitted and approved."). Despite the harsh consequences of this result, we are compelled, as our sister circuits have recognized, to apply the unambiguous language of the operative statutory framework. *See Coraggioso v. Ashcroft*, 355 F.3d 730, 734 (3d Cir.2004) ("If Congress had used different language, our analysis may be different. We are compelled, however, to interpret the statute as written."); *Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003) ("[T]he doctrine of equitable tolling has no application in cases involving the Congressionally-mandated, one-year deadline of the DV Lottery Program."); *Nyaga v. Ashcroft*, 323 F.3d 906, 914 (11th Cir.2003) ("The INS's failure to process [plaintiff's] application does not extend [plaintiff's] statutorily-limited period of eligibility for a diversity visa."); *Iddir v. INS*, 301 F.3d 492, 501 (7th Cir.2002) ("Based on the statutory deadline set by Congress, the INS lacks the statutory authority to award the relief sought by the plaintiffs.").

We note that plaintiffs' allegations, which we are required to credit at this stage of these proceedings, are indeed startling: Some applicants for diversity immigrant visas were denied them, without a meaningful ability to appeal, as the result of sheer bureaucratic ineptitude or intransigence. *See Nakamura*, 2004 WL 1646777, at *2 (stating that "[t]here is no doubt that [p]laintiffs were victims of a bureaucratic nightmare") (internal quotation marks omitted). The federal courts, however, do not have the authority to hear these claims because, under the structure established by the applicable statutes, they are now moot. Any relief from these conditions, if indeed they are as they have been alleged to be in these cases, must be sought from Congress and not from us. Accordingly, we affirm the dismissal of plaintiffs' claims.

\* \* \* \* \* \*

We have carefully considered all of plaintiffs' arguments and find each of them to be without merit. Accordingly, for the reasons stated above, the judgments of the District Court are **AFFIRMED**.

---

claims for relief as moot. However, because our analysis here applies equally to all of the plaintiffs on appeal, we need not, and do not, address Judge Sifton's exhaustion analysis.