Jasvinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76036.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Holly M. Smith, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Jasvinder Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its prior order denying his motion to reopen to add a claim for relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

A motion to reconsider must specify the errors of fact or law in the prior decision and must be supported by pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1). "It is implicit in subsection (b)(1) that the BIA will reconsider the party's case using the same record evidence used in making its prior decision." *Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003). Singh's motion does not rely on record evidence, but rather improperly attempts to introduce

[**] This disposition is not appropriate for publication and is not precedent except as provid-

new evidence through arguments of counsel and an untimely "supplement." *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc) ("[t]he purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact."). *See also Carrillo–Gonzalez v. INS,* 353 F.3d 1077, 1079 (9th Cir.2003) (arguments of counsel are not evidence). Therefore, the BIA did not abuse its discretion in denying Singh's motion to reconsider. *See Lara–Torres,* 383 F.3d at 972

**PETITION FOR REVIEW DENIED.**