**Jose Mauricio Rodriguez BONILLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72369.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, James E. Grimes, Esq., Mark C. Walters, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Angela N. Liang, Trial Attorney, U.S. Department of Justice Civil Rights/Disability Rights Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jose Mauricio Rodriguez Bonilla, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying his motion to reopen deportation proceedings conducted *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in adopting the IJ's decision denying Rodriguez Bonilla's motion to reopen as untimely, because Rodriguez Bonilla failed to explain why his motion to reopen, based solely on the ineffective assistance of his attorney, was filed more than two years after learning of the ineffective representation. *See id.* at 897 (holding that a petitioner must act with due diligence when pursuing an ineffective assistance of counsel claim to benefit from equitable tolling of deadlines). Furthermore, the attempt to explain the delay between February 2002 and June 2004 in the appeal brief to the BIA does not establish Rodriguez Bonilla acted with due diligence. *See Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003) (concluding that a fraud claim solely forwarded through the arguments of a petitioner's counsel does not constitute evidence).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.