**Jose Luis RESENDIZ–ARCOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70903.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Chris A. Chouteau, Aguirre Law Group, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Allen W. Hausman, Attorney, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Luis Resendiz–Arcos petitions for review of a Board of Immigration Appeals ("BIA") order denying his motion to re-open removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion in denying Resendiz–Arcos's motion to re-open because he failed to support the motion with an affidavit or to demonstrate the evidence he submitted was previously unavailable. *See* 8 C.F.R. §§ 1003.2(a) and (c); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

We reject Resendiz–Arcos's contention that the BIA deprived him of due process by not addressing his counsel's argument in the motion to reopen that the evidence was previously unavailable. *See Carrillo–Gonzalez v. INS,* 353 F.3d 1077, 1079 (9th Cir.2003) (argument of counsel does not constitute evidence); *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (to prevail on a due process challenge the petitioner must show his proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case" and must demonstrate prejudice) (internal citation omitted).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.