**BRAZIL QUALITY STONES, INC.,** a California Coporation Eugenio Tavares Dos Santos, Plaintiffs–Appellants,

v.

Michael **CHERTOFF,** Secretary, United States Department of Homeland Security; Department of Homeland Security; United States Citizenship and Im-

migration Services; Eduardo Aguirre, Jr., Director, United States Citizenship and Immigration Services; Donald W. Neufeld, Center Director, California Service Center of the United States Citizenship and Immigration Service; Christine Poulos, Acting Director, California Service Center of the United States Citizenship and Immigration Services; Michael B. Mukasey, Attorney General, United States Department of Justice; Robert P. Wiemann, Director, Administrative Appeals Office; Department of Homeland Security Administrative Appeals Office, Defendants–Appellees.

No. 06–55879.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed July 10, 2008.

Angelo A. Paparelli, Paparelli & Partners, Irvine, CA, for Plaintiff–Appellant.

Thomas K. Buck, Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Brazil Quality Stones, Inc. ("BQS") and Eugenio Tavares dos Santos (collectively "Petitioners") appeal from the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's order upholding the Department of Homeland Security Administrative Appeals Office's ("AAO") decision, which affirmed the United States Bureau of Citizenship and Immigration Services' ("USCIS") denial of their petition for an extension of dos Santos's L–1A visa as an intra-company transferee.[1] *See* 8 U.S.C. § 1101(a)(15)(L).

## I

■ After concluding that dos Santos was not eligible for an L–1A visa, *see* 8 U.S.C. § § 1101(a)(15)(L), 1101(a)(44)(A), the AAO was not required to consider, sua sponte, whether dos Santos qualified for an L–1B visa as an employee acting in a position of "specialized knowledge," *see id.* § 1101(a)(15)(L). BQS never petitioned the USCIS to consider dos Santos for an L–1B classification, nor did it raise such argument in its appeal to the AAO. The Immigration and Nationality Act ("INA") placed the burden of proof on Petitioners to demonstrate dos Santos's visa eligibility, *see id.* § 1361, and the applicable regulations required B Q S to notify USCIS of any changes in dos Santos's capacity of employment, *see* 8 C.F.R. § 214.2(*l*)(7)(i)(C) (instructing the employer to "file an amended petition, with fee, at the Service Center where the original petition was filed to reflect … [a] *change in capacity of employment (i.e., from a specialized knowledge position to a managerial position)*" (emphasis added)).[2]

## II

■ In addition, the district court did not err in declining to invoke its equitable powers to allow BQS to submit evidence from outside the record or to conduct discovery. "When reviewing an agency decision, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir.2006) (quoting *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)). An exception to this rule applies where the plaintiff makes "a showing of agency bad faith," *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir.1996) (internal quotation marks omitted), but Petitioners have not made such a showing here. USCIS was not required to inform BQS that it had submitted insufficient evidence to support its claim that it was "doing business" in the United States as 8 C.F.R. § 214.2(*l*)(7)(i)(A)(3) requires. *See id.* § 103.2(b)(8)(ii) (stating that if the required initial evidence is not submitted, USCIS "in its discretion *may* deny the application or petition … or request that the missing initial evidence be submitted within a specified period of time" (emphasis added)); *id.* § 103.2(b)(8)(iii) (stating that if the evidence submitted fails to establish eligibility, "USCIS *may* … deny the application or petition … [or] request more information or evidence from the applicant or petitioner" (emphasis added)).

---

1. In a concurrently filed opinion, we address Petitioners' claim that the agency abused its discretion in determining that dos Santos did not qualify for an L–1A visa. *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063 (9th Cir.2008).

2. We construe as waived Petitioners' claim that the USCIS's denial of their petition violated the Due Process Clause of the Fifth Amendment because such claim was not raised in their opening brief. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir.2003) (explaining that this court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citing *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998)).

The fact that the USCIS notified BQS that its petition failed to show that dos Santos was employed in a qualifying capacity did not require the agency to inform BQS that other aspects of its petition were deficient.[3]

### III

 Finally, the district court did not have jurisdiction equitably to extend dos Santos's visa as Petitioners requested. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003) (holding that "the doctrine of equitable tolling has no application" to a statutory visa requirement and that an agency "may not invoke equitable powers to override Congress's explicit public policy determinations, reflected in the statutory framework" for such matters (citing *INS v. Pangilinan*, 486 U.S. 875, 884–85, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988))).

### IV

Accordingly, the decision of the district court is

**AFFIRMED.**

---

**3.** Petitioners' reliance on *Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir.2001) (en banc), is unavailing. In that case, we equitably tolled the filing deadline on a petitioner's motion to reopen deportation proceedings af-ter he was affirmatively misled by an Immigration and Naturalization Service agent's incorrect advice. *Id.* at 1184. In this case, Petitioners were not misled by any agency representations.