FILED

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TORIKA VUKI ULUIVITI, | No. 08-72846 |
| Petitioner, | Agency No. A079-589-561 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Torika Vuki Uluiviti petitions for review of the Board of Immigration

Appeals's ("BIA") decision adopting and affirming the order of the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge ("IJ") denying Uluiviti's applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and adjustment of status. Because the parties are familiar with the history of the case, we need not recount it here. We deny the petition.

I

The IJ properly concluded that Uluiviti's asylum application was time-barred.[1] Uluiviti concedes that she failed to file her asylum application within one year after the date of her arrival in the United States. She has not established that either changed circumstances or extraordinary circumstances excused the delay. 8 U.S.C. § 1158(a)(2)(D).

Uluiviti's lawful status terminated when her B-2 nonimmigrant visa expired on December 16, 2000, yet she did not apply for asylum until October 22, 2001. Ignorance of the law ordinarily does not constitute an extraordinary circumstance excusing the untimely filing of an asylum application. *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003). And even though Uluiviti's lawful status as a B-2 visitor did constitute an extraordinary circumstance, *see* 8 C.F.R.

---

[1] Because the BIA cited its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provided its own review of the evidence and the law, we review both the IJ's decision and the BIA's decision. *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010).

1208.4(a)(5)(iv), Uluiviti did not file her asylum application within a reasonable time of the expiration of her lawful status. Uluiviti offers no explanation for why she waited ten months to file her asylum application, even though she knew that she needed to investigate lawful means of remaining in the United States. Therefore, Uluiviti's untimely filing of her asylum application does not fall with the extraordinary circumstances exception to the one-year filing deadline. *See Husyev v. Holder*, 528 F.3d 1172, 1182 (9th Cir. 2008).

Uluiviti has not argued that changed circumstances excused the untimely filing of her asylum application, so we do not address that exception to the one-year filing deadline.

## II

The IJ's determination that Uluiviti failed to meet her burden of establishing eligibility for withholding of removal is supported by substantial evidence. The evidence in the record does not compel the conclusion that Uluiviti suffered past persecution on account of a protected ground, as is required by 8 U.S.C. §§ 1101(a)(42)(A) and 1158(b)(1). Uluiviti testified that the former Prime Minister transferred her to another office because she discovered him in an embarrassing situation that led to a political scandal. She never testified, and no other evidence

suggests, that this treatment was on account of her race, religion, nationality, membership in a particular social group, or political opinion.

Likewise, there is no evidence that the single threat Uluiviti received through an anonymous phone call was motivated by her race, religion, nationality, membership in a particular social group, or political opinion. Moreover, there is no evidence that the phone call was made by the government or by forces the government was unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

The record also does not compel the conclusion that it is more likely than not Uluiviti will be persecuted on account of a protected ground if she returns to Fiji. Uluiviti has testified to a fear of harm from the former Prime Minister and his political party. But as with her past treatment in Fiji, any harm she alleges she might suffer would not be on account of a protected ground.

III

The IJ properly determined that he lacked the authority to process Uluiviti's application for adjustment of status. The IJ was not authorized to process Uluiviti's application without a valid, immediately available immigrant visa. *Matter of Ho*, 151 I. & N. Dec. 692 (BIA 1976); *see Hernandez v. Ashcroft*, 345 F.3d 824, 844 n.21 (9th Cir. 2003). At the time the IJ received Uluiviti's

application, Uluiviti did not have an immigrant visa immediately available because her diversity visa had permanently expired at the end of the fiscal year on September 30, 2005.  *See* 8 U.S.C. § 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(d).

That the BIA delayed for four months before granting Uluiviti's unopposed motion to remand her application to the IJ is immaterial.  "[T]he doctrine of equitable tolling has no application in cases involving the Congressionally-mandated, one-year deadline of the DV lottery program."  *Carrillo-Gonzalez v. INS*, 353 F.3d 1077 (9th Cir. 2003).  Uluiviti's argument that the BIA carved out an exception to this Court's holding in *Carrillo-Gonzalez* is without merit, because the BIA lacked the authority to do so.  *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

**PETITION DENIED.**