**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALDO MARTINEZ OVANDO, | No. 13-70185 |
| Petitioner, | Agency No. A095-138-356 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Aldo Martinez Ovando, a native and citizen of El Salvador, petitions for
review of an order of the Board of Immigration Appeals dismissing his appeal
from an immigration judge's decision denying his motion to reopen removal
proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Martinez Ovando's motion to reopen as untimely where it was filed more than three years after his order of removal became final, and he failed to establish any statutory or regulatory basis to excuse the untimeliness of his motion. *See* 8 C.F.R. § 1003.23(b)(4)(ii), (iii)(A); 8 U.S.C. § 1229a(b)(5)(C). In addition, the agency did not abuse its discretion by determining reopening was not warranted based on lack of notice where Martinez Ovando did not submit an affidavit or any evidence in support of his claim that he did not receive notice of his hearing. *See* 8 C.F.R. § 1003.23(b)(3) (motion shall be supported by affidavits and other evidentiary material); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (unsubstantiated statements of counsel do not constitute evidence). It follows that Martinez Ovando's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

We lack jurisdiction to review Martinez Ovando's unexhausted contention that his former attorney provided ineffective assistance which prevented him from presenting his case. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008)

(although petitioner "raised his due process rights in his brief to the BIA," he failed to raise the particular procedural errors that he presented for the first time to the court of appeals, and thereby failed to exhaust his administrative remedies).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**