**Jinlin LING, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–74334.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 15, 2016.*

Filed March 24, 2016.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Tracey McDonald, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Jinlin Ling, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

We reject Ling's contentions that the IJ's violated his due process rights during his proceedings. *See Almaghzar v. Gon-*

*zales*, 457 F.3d 915, 921–22 (9th Cir.2006); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process claim).

Substantial evidence supports the agency's adverse credibility determination based on the Ling's inconsistent accounts as to the location of his business and residence in China, and based on his omission from his statement of significant incidents of harm he experienced in detention. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination supported under "the totality of circumstances"). The record does not support Ling's contention that he omitted incidents due to embarrassment. *See Carrillo–Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir.2003) (claim was based solely on counsel's argument, which "does not constitute evidence"). Further, Ling's explanations do not compel the contrary result. *See Lata*, 204 F.3d at 1245. We reject Ling's contentions that his documentary evidence overcomes his lack of credibility, *see Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir.2014) (evidence did not rehabilitate testimony, or independently support petitioner's claim), and his contention that the BIA disregarded evidence. Thus, in the absence of credible testimony, Ling's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Ling's CAT claim also fails because it is based on the same testimony found not credible, and Ling does not point to any other evidence in the record that compels the conclusion it is more likely than not he would be tortured if returned to China. *See Almaghzar*, 457 F.3d at 922–23 (although reports confirmed torture occurred in petitioner's country, rec-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ord did not compel the finding that petitioner would be tortured).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.