Victor F. CALDERON, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-73310

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

Filed November 21, 2017

Ramiro Jose Lluis, Attorney, Law Offices of Ramiro J. Lluis, Los Angeles, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Erica Miles, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Victor F. Calderon, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Calderon's motion to reopen as untimely, where Calderon filed the motion more than two years after his final administrative order of removal, he failed to establish the due diligence required for equitable tolling of the filing deadline, and he did not present sufficient evidence to qualify for any regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petitioner exercises due diligence in discovering such circumstances); *see also Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence).

We do not consider the extra-record information discussed in Calderon's opening brief because the court's review is normally limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.