**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH GRACIELA CAMACHO-GRANDA and RUTH CRISTINA CUEVA-CAMACHO, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  16-72268 <br><br> Agency Nos.  A202-185-867 <br> A202-185-868 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Ruth Graciela Camacho-Granda and Ruth Cristina Cueva-Camacho, natives

and citizens of Ecuador, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's order denying their

motion to reopen removal proceedings conducted in absentia. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen based on lack of notice, where the notice of hearing was mailed to the last address provided but returned as undeliverable. *See* 8 U.S.C. §§ 1229(a)(1)(F)(i), (2)(B) (requiring alien to provide address at which she may be contacted), 1229a(b)(5)(A) (written notice sent to the last address provided by the alien is sufficient notice for purposes of conducting in absentia proceedings); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence).

Petitioners have waived any challenge to the BIA's determination that they did not demonstrate changed conditions in Ecuador that would permit the filing of an otherwise untimely motion to reopen. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

**PETITION FOR REVIEW DENIED.**

16-72268