NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN JOSE HUARACA-MARTIN, | No. 16-70636 |
| Petitioner, | Agency No. A088-659-425 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Juan Jose Huaraca-Martin, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005). We deny the petition for review.

The record does not compel the conclusion that Huaraca-Martin established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). The agency did not err in its analysis of whether Huaraca-Martin demonstrated changed or extraordinary circumstances. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (attorney's arguments are not evidence).

Substantial evidence supports the agency's conclusion that Huaraca-Martin did not establish past persecution from the Shining Path. *See Nahrvani*, 399 F.3d at 1154 (record did not compel the conclusion that petitioner's past harm constituted persecution). Substantial evidence also supports the agency's conclusion that Huaraca-Martin failed to establish it is more likely than not he will be persecuted if returned to Peru. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (record did not demonstrate that petitioner had an objectively reasonable fear of future persecution). Thus, Huaraca-Martin's withholding of removal claim fails.

16-70636

Finally, substantial evidence supports the agency's denial of CAT relief because Huaraca-Martin failed to establish it is more likely than not he will be tortured with the consent or acquiescence of the government of Peru. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009); *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

**PETITION FOR REVIEW DENIED.**