**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT ORLANDO HERRERA-VENTURA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-72429 <br><br> Agency No. A099-664-551 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER and CALLAHAN, Circuit Judges.

Herbert Orlando Herrera-Ventura, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's order denying his motion to reopen removal

proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Herrera-Ventura's motion to reopen based on lack of notice, where he did not provide sufficient evidence to rebut the presumption of effective service. *See id.* at 988-89 (identifying factors relevant to evaluating a petitioner's rebuttal of the presumption of effective delivery); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence).

To the extent Herrera-Ventura contends that the agency should have permitted him to file an otherwise untimely motion to reopen based on changed conditions in El Salvador, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency).

In light of this disposition, we do not reach Herrera-Ventura's remaining contentions regarding eligibility for relief.

Herrera-Ventura's request to stay his removal is denied as unnecessary. The

temporary stay of removal will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**