**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SANDEEP SINGH,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   18-73464

Agency No. A206-325-801

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
San Francisco, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

Sandeep Singh, a native and citizen of India, seeks review of the decision of the Board of Immigration Appeals (BIA) that affirmed the determination of the immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011). Here, the IJ identified numerous non-trivial inconsistencies in Singh's testimony regarding his persecution in India due to his participation in the political party Shiromani Akali Dal Amritsar (SADA). Among other inconsistencies, Singh claimed that he joined SADA on April 14, 2009, but his SADA membership card and letter stated that he joined SADA on April 5, 2007. Further, although Singh testified that he watched his SADA card being filled out and signed on the day he received it in 2009, he later testified that the SADA card was prepared in 2007 and delivered to him in 2009, and presented an affidavit from his local party chief Dilbaugh Singh corroborating this sequence of events. Although the IJ gave Singh an opportunity to explain these inconsistencies, Singh failed to give a reasonable and plausible explanation for

them.[1]  Therefore, substantial evidence supports the IJ's adverse credibility finding. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020).  Contrary to Singh's arguments, the IJ's findings were based on evidence in the record, including Singhs' contradictory testimony, and were not speculative.

The IJ stated that she had familiarized herself "with the complete record of proceeding prior to entering [her] decision" as required under 8 C.F.R. § 1240.1(b), provided a list of the evidence presented, and both summarized and quoted Singh's testimony in her credibility analysis.  Accordingly, the IJ properly discharged her duties.  *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007).

Singh does not argue that evidence in the record, other than his noncredible testimony, establishes his eligibility for asylum, withholding of removal, and CAT protection.  Accordingly, because the IJ's adverse credibility determination was supported by substantial evidence, we uphold the IJ's determination that Singh is not eligible for relief from removal.

**PETITION DENIED**.

---

[1]Counsel's argument on appeal explaining the inconsistencies, "does not constitute evidence."  *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003).