NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINA BUSTILLOS, | No. 20-73015 |
| Petitioner, | Agency No. A042-448-169 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2021**
Pasadena, California

Before: KELLY,*** M. SMITH, and FORREST, Circuit Judges.

Karina Bustillos seeks review of the Board of Immigration Appeals' order

denying her applications for withholding of removal and deferral of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

pursuant to the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Ms. Bustillos argues that the Board applied the wrong legal standard when it concluded that her 1997 conviction for importing over 37 pounds of marijuana into the United States was a particularly serious crime. She argues that the Board should have categorically excluded marijuana offenses from qualifying as particularly serious crimes when it applied *In re Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), because, in light of society's growing acceptance of marijuana, "[i]t is likely that, had *Frentescu* been decided today, an exception to the suggested criteria for determining what is a 'particularly serious crime' might have included marijuana offenses or at least treated it differently than other hard narcotics." She also argues the Board should have considered her rehabilitation in making the particularly serious crime determination. Finally, she argues that the Board's conclusion that she did not meet her burden of proving that it is more likely than not that she will be tortured if she is returned to Mexico is not supported by substantial evidence. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We review the Board's particularly serious crime determination for abuse of discretion, *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012), and its identification of the appropriate legal standard *de novo, United States v. Hinkson*, 585 F.3d 1247,

2

1261–62 (9th Cir. 2009) (en banc). We review the Board's denial of Ms. Bustillos's application for deferral of removal for substantial evidence. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). Applying these standards, we deny the petition for review.

1.     The Board applied the proper legal standard when it weighed the *Frentescu* factors as they currently stand to analyze whether Ms. Bustillos's conviction was for a particularly serious crime. *See Dominguez v. Barr*, 975 F.3d 725, 740–41 (9th Cir. 2020). Although Ms. Bustillos raises several policy arguments for why the Attorney General might choose to revise *Frentescu* to categorically exclude marijuana offenses in the future, he has not done so, and the Board did not err in applying *Frentescu* as it stands now.

2.     The Board was not required to consider Ms. Bustillos's rehabilitation in making the particularly serious crime determination. *See Ramirez-Ramos v. INS*, 814 F.2d 1394, 1397 (9th Cir. 1987) (holding that a person's dangerousness is determined solely based on the allegedly particularly serious crime, not independent evidence); *see also In re Carballe*, 19 I. & N. Dec. 357, 359–60 (BIA 1986) (rejecting argument that a noncitizen's dangerousness "should be appraised in light of present circumstances" and holding that the Board need not examine the record "for evidence of rehabilitation or other factors indicating that [the] applicant may not now be a danger to the community").

3.     Substantial evidence supports the Board's conclusion that Ms. Bustillos

did not establish that she is more likely than not to be tortured if she is removed to Mexico. The Board concluded that Ms. Bustillos did not establish that the man who raped her twenty years ago is involved with a drug cartel, is still a federal police officer, or is still searching for her decades after the attack. Ms. Bustillos does not point to any evidence that compels the opposite conclusions. *See* 8 U.S.C. § 1252(b)(4)(B). The closest she comes is her assertion in her brief that her assailant still works for the government, but arguments of counsel are not evidence, *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003), and she does not cite any evidence supporting that proposition. The Board also properly concluded that the country conditions evidence does not show that Ms. Bustillos faces an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**