**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIGUEL MALDONADO and
ESPERANZA FLORES,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70770

Agency Nos. A097-877-608
              A099-898-524

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

Miguel Maldonado and Esperanza Flores, natives and citizens of Mexico.

petition pro se for review of the decision of the Board of Immigration Appeals,

denying their motion to reconsider or reopen the underlying denial of their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal, which was based on petitioners' failure to establish the requisite hardship to their United States citizen children.

Petitioners contend that the BIA failed to consider all the evidence submitted with their motion to reopen, and failed to conduct a minimal review. Petitioners' argument lacks merit, however, because petitioners presented no evidence with their motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (a movant must introduce previously unavailable, material evidence with the motion to warrant reopening); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (arguments are not evidence). Petitioners' contention - that the BIA's denial of their motion to reopen violated their United States citizen children's substantive due process rights by forcing petitioners to terminate their relationship with their children - is similarly without merit. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003).

We lack jurisdiction to consider petitioners' challenges to the BIA's underlying discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship to their United States citizen children. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003). We also lack jurisdiction to consider petitioners' request that the case be reopened *sua sponte*.

*See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002) (this court lacks jurisdiction to review the agency's use of its *sua sponte* authority).

We conclude that the BIA acted within its broad discretion in denying petitioners' motion to reopen or reconsider. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**