**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR VELASQUEZ, AKA Salvador Martinez Velasquez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-72261 <br><br> Agency No. A094-446-974 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Salvador Velasquez, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings conducted in absentia, and denying his motion to remand to the IJ.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law and constitutional claims. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005); *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by determining reopening was not warranted based on lack of notice, where Velasquez did not submit an affidavit or any other evidence with his motion in support of his claim that he did not receive notice of his hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen may be "filed at any time if the alien demonstrates" lack of notice); 8 C.F.R. § 1003.23(b)(3) (a motion to reopen shall be supported by affidavits and other evidentiary material); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (unsubstantiated statements of counsel do not constitute evidence).

The BIA did not err in declining to consider the sworn statement Velasquez's attorney provided on appeal to the BIA concerning Velasquez's alleged lack of notice. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (the BIA "will not engage in factfinding in the course of deciding appeals").

Nor did the BIA err or abuse its discretion in construing and denying Velasquez's motion to remand for consideration of eligibility for relief under the

Nicaraguan Adjustment and Central American Relief Act as a second, number-barred and untimely motion to reopen, where it was filed more than six years after Velasquez's final order of removal. *See* U.S.C. § 1229a(c)(7)(C)(i).

Because the BIA did not err in dismissing Velasquez's appeal or denying his motions, Velasquez has not established a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

We lack jurisdiction over Velasquez's various unexhausted contentions, including that the IJ relied on unsubstantiated facts, rendered ineffective assistance to Velasquez, and erred regarding removability. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent Velasquez challenges the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**