**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME OTONIEL FUNEZ-SEPEDA, | No.   17-71649 |
| Petitioner, | Agency No. A095-736-494 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Jaime Otoniel Funez-Sepeda, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of his motion to reopen removal proceedings conducted in absentia, and denying his motion to remand. Our

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motions to reopen and remand. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005); *Romero-Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Funez-Sepeda's motion to reopen as untimely, where it was filed six years after his order of removal in absentia, and Funez-Sepeda failed to establish lack of notice. *See* 8 C.F.R. § 1003.23(b)(4)(i), (ii) (setting 180-day deadline for motions to reopen in absentia removal orders based on exceptional circumstances, and no deadline for motions based on lack of notice of a hearing or where the alien was in custody); 8 U.S.C. § 1229a(b)(5)(C). Funez-Sepeda was personally served with the notice to appear, and his attorney of record was properly served with the hearing notice. *See* 8 C.F.R. § 1003.26(c)(2) (notice sufficient for in absentia purposes when "written notice of the time and place of proceedings and written notice of the consequences of failure to appear were provided to the alien or the alien's counsel of record"); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (hearing notice is proper if served on alien's counsel of record).

In addition, Funez-Sepeda did not establish that he was in state custody at the time of his final hearing. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (unsubstantiated statements of counsel do not constitute evidence).

17-71649

The agency also did not abuse its discretion in denying the motion, where Funez-Sepeda failed to establish that reopening was warranted based on changed country conditions and that he is prima facie eligible for such relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

We lack jurisdiction to review the BIA's discretionary denial of sua sponte reopening. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court's jurisdiction over sua sponte determination limited to reviewing for underlying legal or constitutional error).

Finally, the BIA did not abuse its discretion by denying Funez-Sepeda's motion to remand where the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant a remand. *See Romero-Ruiz,* 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law." (internal quotations omitted)).

We deny Funez-Sepeda's request for mediation.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-71649