**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MEIHUA HUANG; MINGYAN QIU,
　　　　　　　　*Petitioners,*

　　　　　v.

MICHAEL B. MUKASEY, Attorney
General,
　　　　　　　　*Respondent.*

No. 04-73309

Agency Nos.
A95-875-283
A95-875-284

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2008*
Pasadena, California

Filed March 24, 2008

Before: Alfred T. Goodwin, Diarmuid F. O'Scannlain, and
William A. Fletcher, Circuit Judges.

Per Curiam Opinion

---

　*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Danning Jiang, Fremont, California, for the petitioners.

Roger W. Wenthe, Assistant United States Attorney, Las Vegas, Nevada, for the respondent.

## OPINION

PER CURIAM:

Meihua Huang and his wife, Mingyan Qiu, natives and citizens of China, petition for review of a Board of Immigration Appeals ("BIA") order. The order dismissed their appeal from an Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. We grant the petition for review in part, dismiss in part, and remand for further proceedings consistent with this opinion.

**[1]** In an oral decision, the IJ denied relief because "[b]ased on the numerous, significant inconsistencies in [Huang]'s representations of record, the Court reluctantly concludes that he has failed to discharge his burden of proving past persecution

based on religion or a well-founded fear of the same." The IJ conflated what he may have intended as an adverse credibility finding based on "numerous, significant inconsistencies" with a finding that Huang and Qiu failed to prove past or a well-founded fear of future persecution. However, the IJ never stated that he did not believe Huang's testimony or that a specific claim was not credible. We conclude that the IJ failed to make a credibility finding. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658-59 (9th Cir. 2003) ("When the IJ makes implicit credibility observations in passing . . . this does not constitute a credibility finding.").

Instances where the IJ conflates an adverse credibility finding with an adverse decision on the merits appear before this court with increasing frequency. In *Hartooni v. INS*, 21 F.3d 336 (9th Cir. 1994), we remanded to the BIA a case in which the IJ had failed to make an explicit credibility finding. *Id.* at 342-43. The IJ did not make clear whether his decision was based on a finding against petitioner's credibility or a determination that the petitioner failed to prove persecution. *Id.* The BIA then "compounded" the error when its decision relied on the IJ's nonexistent credibility finding. *Id.*

**[2]** In the case at bar, the BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Under *Burbano*, the BIA may adopt and affirm the IJ's decision in its entirety, or only in part, when it agrees with the IJ's reasoning and result. *Id.* The BIA stated that "[i]n our review, we agree with the Immigration Judge that [Huang] is not a credible witness," and then denied relief based on an adverse credibility finding, without addressing the IJ's finding that Huang and Qiu failed to meet their burden of proving persecution. The BIA should not have approved the IJ's "finding" because the IJ made none. The BIA should have addressed the IJ's finding that Huang and Qiu failed to prove past or a well-founded fear of future persecution, or it could have remanded the case to the IJ for a credibility finding.

**[3]** Guided by the Supreme Court's decision in *INS v. Orlando Ventura*, 537 U.S. 12 (2002) (per curiam), we will not address an IJ's finding "without giving the BIA the opportunity to address the matter in the first instance in light of its own expertise." *Id.* at 17. When the BIA has not yet considered an issue, "the proper course . . . is to remand to the agency for additional investigation or explanation." *Id.* at 16 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). In these circumstances, we must remand so that the agency may consider, on review, the IJ's finding that Huang and Qiu failed to prove past or a well-founded fear of future persecution. The BIA may choose to remand the case to the IJ for a credibility finding.

**[4]** We dismiss Huang and Qiu's claims that incompetent translation and denial of an opportunity to testify at the deportation hearing violated their due process rights because these claims were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (explaining that due process claims, procedural in nature, must be exhausted).

PETITION GRANTED in part; DISMISSED in part; REMANDED. Neither party to recover costs in this appeal.