Harbinder SINGH, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74477.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Ann Carroll Varnon, Esq., Elizabeth J. Stevens, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Harbinder Singh, a native and citizen of India, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings consistent with this disposition.

The IJ explicitly declined to make an adverse credibility determination, stating that he denied withholding of removal and CAT "on the merits," but proceeded to deny Singh withholding of removal and CAT protection after identifying perceived inconsistencies between Singh's testimony, airport and credible fear interviews, and his asylum application. Thus, it is unclear from the record whether the IJ's denial was based on a finding against Singh's credibility or on a determination that Singh failed to establish eligibility for these forms of relief. The BIA then compounded the error when it adopted and affirmed the ambiguous IJ decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). *See Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir.2008).

In these circumstances, we must remand for the agency to determine its basis for denying Singh's claims. *See id.*; *INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).