**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAIYIN WANG, | No. 06-71372 |
| Petitioner, | Agency No. A77-997-921 |
| v. | |
| ERIC H. HOLDER JR.,* ATTORNEY GENERAL, | MEMORANDUM** |
| Respondent. | |

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued and Submitted January 14, 2010
Pasadena, California

BEFORE:   SCHROEDER, CANBY, and McKEOWN, Circuit Judges

Baiyin Wang ("Wang"), a native and citizen of China, petitions for review of

an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from

an immigration judge's ("IJ") decision denying her application for asylum,

---

* Eric H. Holder Jr. is substituted for his predecessor, Alberto R. Gonzales,
as Attorney General of the United States, pursuant to Federal Rule of Appellate
Procedure 43(c)(2).

** This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing the IJ's and BIA's adverse credibility findings for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), we deny in part and dismiss in part Wang's petition for review.

The adverse credibility findings are supported by substantial evidence. The IJ concluded that Wang lacked credibility because, *inter alia*, Wang claimed that she sold her soda factory in China because the police were harassing her for practicing Zhong Gong, while Wang's sister testified that Wang sold the factory because of her poor health. Wang was unable satisfactorily to explain this contradiction, asserting simply that her sister was wrong. The inconsistency goes to the heart of Wang's claim of past persecution. The IJ provided a specific, cogent reason for the adverse credibility finding. *See Goel v. Gonzales*, 490 F.3d 735, 737, 739 (9th Cir. 2007) (per curiam) (upholding an adverse credibility finding where the petitioner's testimony concerning the severity of the persecution was contradicted by documentary evidence and the petitioner's only explanation for the inconsistency was that the documentary evidence "was wrong"). In light of the IJ's supportable adverse credibility finding, the evidence does not compel us to reach a result contrary to that of the IJ on the issues of asylum and withholding of

removal.  Nor does the entire record compel us to order relief under the Convention Against Torture.  *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (holding that defeat of asylum claim on credibility grounds does not necessarily preclude relief under CAT).  The petition for review accordingly is denied with regard to these claims.[1]  *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007).

We lack jurisdiction to consider Wang's claim that she was denied due process in her hearing due to an incompetent translator, because Wang failed to exhaust this contention before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) (per curiam).  Thus, the petition for review is dismissed with regard to this claim.

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**

---

[1] For us to uphold the adverse credibility finding, only one of the reasons cited by the IJ need be supported by substantial evidence and go to the heart of Wang's claim.  *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).  Thus, we express no view on the additional inconsistencies and implausibilities identified by the IJ as underlying the adverse credibility finding.

3