**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FEI WANG; JUAN ZHEN YE, | No. 08-73079 |
| Petitioners, | Agency Nos. A098-177-751 |
| v. | A098-177-752 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011**

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Fei Wang and Juan Zhen Ye, natives and citizens of China, petition for

review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that petitioners filed their asylum applications within a reasonable period of time given any changed circumstances. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, their asylum claim fails.

With respect to petitioners' claim of religious persecution, the IJ found petitioners not credible for several reasons, including implausibilities regarding Wang's "underground" house church, as well as internal inconsistencies within Ye's testimony and/or inconsistencies between her testimony and application regarding her church attendance, residence, and employment while allegedly in hiding in China. In light of the IJ's findings, substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). Accordingly, their withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they point to no other evidence the IJ should have considered, substantial evidence also supports the denial of their CAT claim based on their religious activities. *See id.* at 1156-57.

With respect to petitioners' claim of persecution on account of the birth of their United States citizen son, substantial evidence supports the agency's finding that petitioners have not shown a clear probability of persecution. *See Ramadan*, 479 F.3d at 658; *see also Lin v. Holder*, 588 F.3d 981, 988 (9th Cir. 2009). Accordingly, petitioners' withholding of removal claim fails.

Further, substantial evidence supports the agency's denial of petitioners' CAT claim because petitioners failed to show it is more likely than not that they will be tortured in China based on the birth of their United States citizen son. Accordingly, their CAT claim fails. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, we lack jurisdiction to consider petitioners' claim of a deficient translation, because petitioners failed to exhaust this contention before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**