
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| DEQI LI, | ) | No. 07-72799 |
| | ) | |
| Petitioner, | ) | Agency No. A099-333-730 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 15, 2011
San Francisco, California

Before:    FERNANDEZ and BYBEE, Circuit Judges, and SINGLETON,[**]
District Judge.

Deqi Li, a native and citizen of China, petitions for review of the Board of

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture relief.[3] We grant the petition and remand.

The BIA decided this case by determining that it would uphold the Immigration Judge's finding that Li lacked credibility. We do owe special deference to credibility determinations,[4] but in this instance the BIA committed an error of law.[5] The BIA declared that it upheld the IJ's determination that Li was not credible, but the IJ did not make an "explicit" determination to that effect.[6] See 8 U.S.C. § 1158(b)(1)(B)(iii). Where no explicit determination has been made, as a matter of law there is no adverse credibility decision. See Huang v. Mukasey,

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 implemented at 8 C.F.R. § 1208.18.

[4]See Shrestha v. Holder, 590 F.3d 1034, 1041 (9th Cir. 2010); Malkandi v. Holder, 576 F.3d 906, 917 (9th Cir. 2009).

[5]See Edu v. Holder, 624 F.3d 1137, 1142 (9th Cir. 2010); Brezilien v. Holder, 569 F.3d 403, 411 (9th Cir. 2009).

[6]The IJ did state that she "did not know what to believe," but that is not an explicit determination regarding credibility. See Karapetyan v. Mukasey, 543 F.3d 1118, 1123 n.4 (9th Cir. 2008).

2

520 F.3d 1006, 1007–08 (9th Cir. 2008) (per curiam); Mansour v. Ashcroft, 390

F.3d 667, 671–72 (9th Cir. 2004); Aguilera-Cota v. INS, 914 F.2d 1375, 1383 (9th

Cir. 1990); see also Tijani v. Holder, 628 F.3d 1071, 1074, 1080 (9th Cir. 2010).

Because the BIA's decision turned on a credibility "finding" that the IJ did not

make,[7] we will not consider other issues.[8]

Therefore, we grant Li's petition and remand so that the BIA can address the

IJ's denial of relief in the first instance, or, if it is so advised, remand to the IJ for a

credibility finding.  See INS v. Orlando Ventura, 537 U.S. 12, 16–17, 123 S. Ct.

353, 355–56, 154 L. Ed. 2d 272 (2002); Huang, 520 F.3d at 1008.

Petition GRANTED and REMANDED.

---

[7]See 8 C.F.R. § 1003.1(d)(3)(i); Huang, 520 F.3d at 1008.

[8]For example, we will not consider the merits of the question of whether Li presented sufficient corroborative evidence.  See 8 U.S.C. § 1158(b)(1)(B)(ii); Aden v. Holder, 589 F.3d 1040, 1045 (9th Cir. 2009).  Nor will we consider whether he had sufficient notice that he must do so.

3