
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BURMAA CHOGSOM,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71756<br><br>Agency No. A098-256-197<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2012[**]
San Francisco, California

Before: KLEINFELD and BERZON, Circuit Judges, and SMITH, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William E. Smith, District Judge for the U.S. District
Court the District of Rhode Island, sitting by designation.

Petitioner Burma Chogsom petitions for review of a BIA decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We reject her arguments and deny her petition for review.

We review factual findings underlying the BIA's denial of asylum, withholding of removal, and relief under the Convention Against Torture for substantial evidence. Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir. 2007). Chogsom claims that she was persecuted in Mongolia because of her membership in the Mongolian Democratic Party and because she was a descendent of Mongolian nobility. However, reviewing the record as a whole, substantial evidence supports the BIA's conclusion that Chogsom's political opinions and social group were not a central reason for any mistreatment she may have suffered. Parussimova v. Mukasey, 555 F.3d 734, 741 (9th Cir. 2009). Since Chogsom cannot meet her burden of proof for asylum, she necessarily cannot qualify for withholding of removal. Kumar v. Gonzales, 439 F.3d 520, 525 (9th Cir. 2006).

Chogsom claims she is entitled to relief under the Convention Against Torture because she suffered torture when her ex-husband's ex-wife attacked and

2

harassed her. However, the record shows that the police protected Chogsom from the alleged attacks on multiple occasions, and Chogsom has no evidence to show that the government in any way participated in her mistreatment. Therefore, even if Chogsom's mistreatment constituted torture, substantial evidence supports the BIA's determination that the mistreatment was not done "with the consent or acquiescence of a public official." Abufayad v. Holder, 632 F.3d 623, 632 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(2)).

Finally, Chogsom argues that she was denied due process in her proceeding before the IJ because she received inadequate translation. We cannot consider this claim because Chogsom failed to exhaust it in her appeal to the BIA. Meihua Huang v. Mukasey, 520 F.3d 1006, 1008 (9th Cir. 2008) (per curiam).

**PETITION DENIED.**