**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOUFU SUI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>　　　　　Respondent. | No. 11-72859<br><br>Agency No. A097-877-623<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Petitioner Youfu Sui ("Sui"), a native and citizen of China, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") adverse credibility finding. We deny the petition because the evidence

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

does not compel a contrary conclusion. *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).

Because Sui's entire claim for persecution is based on a single arrest and detention, the details of that event are critical. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). Sui's application described in detail a significant beating following the first interrogation, an event which he completely failed to mention in his direct testimony, despite being directly asked by counsel following a discussion of the first interrogation: "How did the police respond?" and "What did they do?" Moreover, the addition of new facts that enhance a persecution claim—such as being beaten with a belt and slashed on the wrist with a glass shard—is also generally suspect, particularly when, as here, the information is not provided until near the end of the applicant's testimony. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003); *see also Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). All of the reasons cited by the IJ and BIA go to the heart of Sui's asylum claim and properly support an adverse credibility finding. *Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990).[1]

---

[1] Sui filed an application for asylum before the May 11, 2005, enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, and thus its amendments pertaining to credibility determinations do not apply to this appeal.

Sui also claims for the first time on appeal that he was denied due process because he was not afforded an opportunity for redirect at his hearing before the IJ. However, due process claims must be exhausted, *Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008), including claims of "procedural error that an administrative tribunal could remedy." *See De Mercado v. Mukasey*, 566 F.3d 810, 815 n.4 (9th Cir. 2009). We thus lack jurisdiction over this claim and it must be dismissed. *Id.*; *see also Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**DENIED in part, DISMISSED in part.** [2]

---

[2] Sui's Motion to (sic) Stay of Removal Pending Review is denied as moot.