NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS OMAR CRUZ-RAMIREZ, | No.   17-71346 |
| Petitioner, | |
| v. | Agency No. A206-700-970 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2020[**]
San Francisco, California

Before:  WALLACE and R. NELSON, Circuit Judges, and GWIN,[***] District Judge.

Carlos Cruz-Ramirez petitions for review of a Board of Immigration

Appeals (Board) order dismissing his appeal, in which he challenged an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part, deny it in part, and remand to the Board.

Because the Board "conducted its own review of the evidence and law rather than simply adopting the immigration judge's decision," our review "is limited to the [Board's] decision[.]" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted).

1. The Board determined that the harm was not caused "on account of" his particular social group because "the interest of the gang was to extort money from [Cruz-Ramirez and his] family," and that the gang's purpose for targeting Cruz-Ramirez was merely to further that interest. Substantial evidence supports the Board's factual determination that Cruz-Ramirez failed to establish a nexus between the persecution he suffered and his membership in his family. While the gang's threatening notes and phone calls and the eventual murder of his uncle were directed at Cruz-Ramirez's family, it is not clear that the gang's actions were connected to Cruz-Ramirez's identity or affiliation with his family. Therefore, a "reasonable adjudicator would [not] be compelled to conclude" that Cruz-Ramirez's membership in his particular social group was "a reason," 8 U.S.C. § 1231(b)(3)(C), much less a "central reason," 8 U.S.C. § 1158(b)(1)(B)(i), for the

2

gang's persecution. 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019). Cruz-Ramirez's other evidence, including the drive-by shooting at his friend's house, is also insufficient to demonstrate that the agency erred in not determining that he was targeted "on account of" his membership in his family.

Cruz-Ramirez argues that the Board's denial of his asylum and withholding of removal claims rests on the erroneous legal conclusion that "private acts of extortion cannot form the predicate for an asylum claim." While the Board's determination on this point technically conflicts with our precedents, *see Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017), the Board's error was harmless because this conclusion was independent from the Board's dispositive factual findings. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 832 (9th Cir. 2014). Accordingly, we deny Cruz-Ramirez's petition with respect to his claim of past persecution.

2. While substantial evidence supports the Board's conclusion that Cruz-Ramirez failed to show past persecution, the Board failed to analyze whether Cruz-Ramirez had demonstrated a threat of future persecution for both his asylum and withholding of removal claims. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 990 (9th Cir. 2018). Although the IJ determined that Cruz-Ramirez did not have a well-founded fear of future persecution for purposes of his asylum claim, we

3

cannot review that determination where the Board failed to either expressly adopt it or independently consider it on appeal. *See Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010).

The Board rejected Cruz-Ramirez's withholding of removal claim because the "standard for receiving withholding of removal is higher than that for receiving asylum." True, withholding of removal does require a higher standard of proof of future persecution than asylum. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). However, this principle is irrelevant here because the Board's rejection of Cruz-Ramirez's asylum claim did not turn on the likelihood of future persecution.

Because the Board "abuse[d] its discretion" by failing to address or analyze whether Cruz-Ramirez faced a threat of future persecution if he were returned to Guatemala, *see Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir. 1995), remand for reconsideration of both his asylum and withholding of removal claims is appropriate. *Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008). We therefore grant Cruz-Ramirez's petition as to his asylum and withholding of removal claims and remand both claims for further proceedings consistent with this disposition.

3. Finally, Cruz-Ramirez argues that the Board's discussion of Cruz-Ramirez's CAT claim was inadequate as a matter of law and impermissibly

4

ignored the arguments he raised in his administrative appeal. We agree.

"We have long held that the [Board] abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Despite the fact that Cruz-Ramirez's administrative appeal raised several substantive issues regarding the IJ's denial of his CAT claim, the Board rejected his CAT claim in one conclusory sentence: "With respect to relief pursuant to the Convention Against Torture, the respondent has also not meaningfully articulated a basis upon which he would warrant such protection." This is insufficient. Although the Board "does not have to write an exegesis on every contention," the Board must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted," *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (internal quotation mark omitted), if it does not expressly adopt the IJ's decision.

We hold that the Board "abuse[d] its discretion when it fail[ed] to state its reasons and show proper consideration of all factors when weighing equities and denying [CAT] relief" to Cruz-Ramirez. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (internal quotation mark omitted). Accordingly, we also grant Cruz-Ramirez's petition regarding his CAT claim and, to the extent that the Board determines on remand that Cruz-Ramirez is not entitled to asylum or withholding

5

of removal, we remand to the Board for reconsideration of Cruz-Ramirez's CAT claim based on the arguments raised to the Board in Cruz-Ramirez's administrative appeal.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

*Carlos Omar Cruz-Ramirez v. William P. Barr*, No. 17-71346

FILED



JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALLACE, Circuit Judge, concurring:

I concur in the result.