**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANAHIT GHAZARYAN, | No. 19-71877 |
| Petitioner, | Agency No. A077-848-709 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021**
Pasadena, California

Before: OWENS, R. NELSON, and BADE, Circuit Judges.

Anahit Ghazaryan, a native of the Union of Soviet Socialist Republics and

citizen of Armenia, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing her appeal from an Immigration Judge's ("IJ") decision

denying her applications for asylum, withholding of removal, protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and request for voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1. Ghazaryan challenges the BIA's decision to affirm the IJ's determination that her asylum application was untimely. But the BIA declined to consider the issue because Ghazaryan failed to raise it. Thus, this issue is unexhausted, and we lack jurisdiction to review it. *See Arsdi v. Holder*, 659 F.3d 925, 929–30 (9th Cir. 2011). We therefore dismiss the petition as to Ghazaryan's asylum claim. Her failure to raise the timeliness of her asylum application to the BIA further precludes our review of her claim to humanitarian asylum.

2. Ghazaryan asserts the BIA erred in upholding the IJ's adverse credibility determination. Initially, we reject the government's assertion that Ghazaryan did not exhaust this issue because she raised it in her briefing before the BIA and the BIA considered it on the merits. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873–74 (9th Cir. 2008).

We must uphold an adverse credibility determination as "long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution."[1] *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir.

---

[1] The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, does not apply here because Ghazaryan filed her asylum application prior to May 11, 2005. *See Lei Li v. Holder*, 629 F.3d 1154, 1157 (9th Cir. 2011).

2011) (alteration in original) (citation omitted). Because the BIA did not adopt the IJ's decision and reviewed it for clear error, we review only the "reasons explicitly identified by the BIA" in support of its conclusion and the "reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted).

The BIA concluded that there were inconsistencies regarding Ghazaryan's account of who beat her during a home bible study on January 11, 1999. Ghazaryan asserted in a declaration that Yerkrapah—members of a militia unconnected to the government—beat her. But during the merits hearing, Ghazaryan testified unequivocally that Yerkrapah did not beat her in the January 1999 incident. The BIA also noted that the IJ "found that [Ghazaryan] testified that she contacted the police for help following the incident, despite her claim that it was the police who had attacked her." The BIA concluded Ghazaryan's inconsistent account of the January 1999 incident goes to the heart of her claim, and thus, sufficiently supports the adverse credibility determination.

The BIA did not err. This inconsistency is supported by substantial evidence, and it goes to the heart of her claim because it relates to who purportedly beat her for practicing her religion, which is the basis of her persecution claim. *See Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990). We lack jurisdiction to consider whether Ghazaryan had an adequate opportunity to explain this

3

inconsistency because Ghazaryan failed to exhaust this issue before the BIA.[2] *See*

*Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Ghazaryan's claims to

withholding of removal and CAT relief fail because each claim depends on her

credible testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.

2003).

3. Ghazaryan argues that the BIA erred in affirming the IJ's denial of

voluntary departure. The government asserts Ghazaryan failed to exhaust this

issue, but the BIA considered this issue on the merits, rendering it exhausted.

*Vizcarra-Ayala*, 514 F.3d at 873–74.

While we lack jurisdiction to review a denial of voluntary departure, we may

review colorable "constitutional claims or questions of law" that arise from that

determination. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). Ghazaryan contends that

the BIA and IJ committed legal error by applying the wrong standard. But the BIA

articulated the correct standard and cited the IJ's decision, which also stated the

---

[2] Ghazaryan also asserts there were translation errors. Translation errors "can undermine the evidence on which an adverse credibility determination is based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (citation omitted). But Ghazaryan's contention that there were translation errors is solely based on argument in her briefing. Factual assertions that rely solely on statements in a petitioner's brief do not constitute evidence and therefore cannot form the basis for reversal on substantial evidence review of an adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . ."); *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003).

4

correct standard and cited relevant law. Thus, Ghazaryan has not articulated a colorable claim of legal error as there is no indication that the agency applied an incorrect standard. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009). Ghazaryan's claim that the BIA and IJ violated her right to due process fails because it is a dressed-up challenge to the denial of voluntary departure based on abuse of discretion in weighing the equities, which is not a colorable constitutional claim. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748–49 (9th Cir. 2006) (per curiam). We also reject Ghazaryan's conclusory assertion that the BIA and IJ ignored evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (stating that we presume that the agency reviewed all relevant evidence in the record). Accordingly, we lack jurisdiction to review the denial of voluntary departure, and we dismiss this portion of Ghazaryan's petition.

4.     Finally, we dismiss Ghazaryan's unexhausted due process claims for lack of jurisdiction. *See Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) (per curiam). We reject Ghazaryan's bald assertion that it was impossible for her to raise to the BIA that there were translation errors or that the IJ failed to act as a neutral factfinder.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

5