**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN VLADAMIR GONZALEZ-
MEJIA, aka Cristian Vladamir Gonzalez-
Mejia

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   17-71455

Agency No. A072-312-734

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2021
Pasadena, California

Before:  R. NELSON and LEE, Circuit Judges, and STEIN,[**] District Judge.

Christian Vladamir Gonzalez-Mejia, a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") order, on remand

from this court, dismissing his appeal from an immigration judge's ("IJ") denial of

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

his application for relief from removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Familiarity with the facts and procedural history is assumed. Gonzalez-Mejia contends, once again, that the agency erroneously required him to prove his eligibility for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) ("212(h) waiver") "clearly and beyond doubt," when the appropriate standard of proof is a preponderance of the evidence. *See* 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). This court previously remanded to the BIA to consider this argument in the first instance, after the BIA failed to address it on direct appeal. *See Gonzalez-Mejia v. Lynch*, 668 F. App'x 705, 706 (9th Cir. 2016) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner." (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005))).

On remand, the agency recognized that an alien must prove his eligibility for a 212(h) waiver by only a preponderance of the evidence. *See* 8 C.F.R. § 1240.8(d); 8 U.S.C. § 1229a(c)(4)(A). Nonetheless, the BIA affirmed the IJ, as it found "no support in the record for respondent's assertion that we or the Immigration Judge applied a 'clearly and beyond doubt' standard of proof when evaluating his eligibility for a section 212(h) waiver." According to the BIA, the agency applied the correct preponderance standard in the first instance, and so there was no error of law to correct.

2

But saying something does not make it so.  The record here plainly demonstrates that the IJ, and the BIA on direct appeal, required Gonzalez-Mejia to prove his 212(h) waiver eligibility "clearly and beyond doubt."  Indeed, directly after citing 8 U.S.C. § 1229a(c)(2)'s "clearly and beyond doubt" standard, the IJ found that "[n]o waiver under § 212(h) is available" because Gonzalez-Mejia's "contradictory testimonies" regarding his past marijuana use "have not removed doubt; they have instilled it."  On appeal, the BIA affirmed the IJ's determination that this "conflicting evidence" prevented Gonzalez-Mejia from carrying his "clearly and beyond doubt" burden.  By holding Gonzalez-Mejia to a standard of "remov[ing] doubt" in order to qualify for a 212(h) waiver, the agency indeed committed error.[1]

The BIA cannot cure this error with a bare conclusory assertion to the contrary.  *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record

---

[1] We recently held that 8 U.S.C. § 1229a(c)(2)'s "clearly and beyond doubt" standard is *never* applicable to aliens like Gonzalez-Mejia, who are seeking adjustment of status as a form of relief from removal after a prior lawful admission. *See Romero v. Garland,* No. 17-70534, 2021 WL 3280786, at *3 (9th Cir. Aug. 2, 2021).  Since such aliens had previously been admitted to the United States, we held that they cannot be considered "applicants for admission," as required to trigger 8 U.S.C. § 1229a(c)(2)'s heightened burden.  Instead, in these circumstances, the "preponderance of the evidence" standard set forth in 8 C.F.R. § 1240.8(d) applies to the questions of both an alien's admissibility and his eligibility for a waiver of inadmissibility.

3

discloses that its action was based.").  Nor may we affirm based on the BIA's subsequent statement that "as the facts found by the Immigration Judge establish that the respondent admitted committing more than a 'single offense' of marijuana use . . . it follows that the respondent did not carry his burden of proving eligibility for section 212(h) relief by a preponderance of the evidence."

First of all, it is not clear that the IJ made any such factual finding.  True, the IJ's opinion casts doubt on the credibility of Gonzalez-Mejia's post-hearing affidavit attesting to a single admissible marijuana offense.[2]  However, the IJ then concluded that this later testimony "basically leaves the court not knowing what to believe," and therefore did not meet the high bar of "remov[ing] doubt."  It thus appears that the IJ found only that Gonzalez-Mejia failed to carry his "clearly and beyond doubt" burden of proof, and not that he had in fact committed multiple marijuana offenses.  *Cf. Meihua Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) ("The BIA should not have approved the IJ's 'finding' because the IJ made none.").

Moreover, even if the IJ did make such a factual finding, the BIA's refusal to engage with the record cannot stand.  The agency's conclusory denial that it committed error, in the face of clear evidence to the contrary, leaves this

---

[2] This affidavit, if believed, would have rendered Gonzalez-Mejia inadmissible but eligible for a 212(h) waiver. *See* 8 U.S.C. § 1182(h).

Court to scrutinize the language and reasoning of the IJ's opinion in the first instance, a role assigned by Congress to the BIA. *See* 8 C.F.R. § 1003.1(b). This Court does not "countenance a [BIA] decision that leaves us to speculate based on an incomplete analysis." *Su Hwa She v. Holder*, 629 F.3d 958, 963-64 (9th Cir. 2010).

We thus remand to the agency to apply the appropriate standard of proof. Due to the lack of clarity as to the IJ's factual findings, and in order to avoid a third appeal of this near-decade-old IJ opinion, "the Board may remand the matter to the IJ to conduct a 'full and fair' inquiry into" Gonzalez-Mejia's admissibility and 212(h) waiver eligibility under a "preponderance of the evidence" standard. *Singh v. Gonzales*, 491 F.3d 1019, 1027 (9th Cir. 2007), *superseded by statute on other grounds as stated in Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018) (quoting *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir. 2003)). "Because the BIA fundamentally erred in applying an improperly high burden of proof, we need not reach the other issues raised" by Gonzalez-Mejia. *Romero*, 2021 WL 3280786, at *3.

**PETITION FOR REVIEW GRANTED AND REMANDED.**