**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS CARDONA HARO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-648

Agency No.    A092-034-371

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2023
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.
Dissent by Judge FORREST.

Carlos Cardona Haro petitions for review of an order issued by the Board

of Immigration Appeals (BIA) upholding an immigration judge's (IJ) denial of

his claim for protection under the Convention Against Torture (CAT). We have

jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

When, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874

(BIA 1994), and expressly adopts and affirms the IJ's decision, we "look

---

\*    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

through the BIA's decision and treat the IJ's decision as the final agency decision for the purposes of [the] appeal."[1] *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review the IJ's factual findings for substantial evidence, meaning that the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)); 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the IJ's finding that Haro failed to show that he would be tortured in a mental health facility if removed to Mexico. "[T]o establish a likelihood of torture for purposes of the CAT, a petitioner must show that severe pain or suffering was specifically intended." *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008); *see also* 8 C.F.R. § 1208.18(a)(5). The IJ found that, even if Haro became confined to a mental health facility, the conditions in that facility would not constitute torture within the meaning of the CAT because Haro "ha[d] presented insufficient evidence that anyone in that facility would specifically intend to harm him." Although certainly suggestive of deplorable conditions, the evidence introduced by Haro does not compel a contrary conclusion—a showing required for reversal under our substantial

---

[1] We therefore reject the Government's contention that we may not review issues addressed by the IJ—and by the petitioner in this appeal—but not by the BIA. "If the BIA intends to constrict the scope of its opinion to apply to only one ground on which the IJ's decision rested, the BIA can and should specifically state that it is so limiting its opinion." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005).

evidence review. *See Villegas*, 523 F.3d at 989; *Tamang*, 598 F.3d at 1095.

2. Haro also claimed before the IJ and the BIA that he would likely be tortured at the hands of law enforcement or while in prison. Haro makes "no substantive argument" regarding this issue in his opening brief, however, and he has therefore forfeited it. *Cui v. Garland*, 13 F.4th 991, 999 n.6. (9th Cir. 2021) (quoting *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005)).

**PETITION DENIED.**

*Haro v. Garland*, No. 21-648
Forrest, J., dissenting:

The court disposes of Carlos Cardona Haro's petition on a dispositive ground that the BIA did not address and the Government affirmatively waived—whether Haro established that the Mexican mental-health institutions that he fears would have the specific intent to torture him. Rather than reach this issue, I would remand for the agency to address it in the first instance, as the Government recommends. *See United States v. Sineng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("[A]s a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them . . . ." (cleaned up)).

Where the Board of Immigration Appeals (BIA) cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and "does not expressly disagree with" the Immigration Judge (IJ), we generally review both the IJ's and the BIA's decision. *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). But the BIA may cite *Burbano* and adopt the IJ's decision "only in part." *Meihua Huang v. Mukasey*, 520 F.3d 1006, 1008 (9th Cir. 2008) (per curiam). Where, as here, the BIA cites *Burbano* and expressly agrees with only one of multiple issues decided by the IJ and does not address a dispositive issue reached by the IJ, "the proper course . . . is to remand to the agency for additional investigation or explanation." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002); *see also Meihua Huang*, 520 F.3d at 1008 (remanding to the agency where the BIA cited *Burbano* but did not address potentially dispositive issue

1

decided by the IJ); *cf. Parussimova v. Mukasey*, 555 F.3d 734, 738 n.3 (9th Cir. 2009) (explaining that we treat the BIA's decision as resting exclusively on one ground where it cites *Burbano* and indicates its affirmance applies only to such ground).

Remand is particularly warranted here where the Government conceded in its Answering Brief that the "B[IA] did not . . . reach th[e] issue" on which the court now resolves this case. Haro may have relied on this concession to his detriment in choosing not to file a reply brief. The Government also reiterated at oral argument that it could not "tell for sure that the B[IA] had endorsed" the IJ's analysis of intent to torture because the BIA "had not discussed that . . . alternative finding." Where the BIA did not discuss this dispositive issue but did discuss other issues decided by the IJ and where the Government concedes that the intent-to-torture issue is not properly before us, we should have remanded to the BIA. *Orlando Ventura*, 537 U.S. at 16. For this reason, I respectfully dissent.