**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAYRA SANCHEZ DE PADILLA, | No. 15-72291 |
| Petitioner, | Agency No. A073-874-617 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Mayra Sanchez de Padilla, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her motion to suppress evidence and

withdraw pleadings, and denying her application for cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims of due process violations, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014), and review de novo the denial of a motion to suppress, *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Sanchez de Padilla's motion to suppress her statements at the border admitting to attempted alien smuggling, where advisals regarding her procedural rights were not required at the time of her statements because she had not yet been placed in formal proceedings. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) (advisals of procedural rights must be given to noncitizens in formal proceedings, but formal proceedings do not commence until the notice to appear is filed with the immigration court). Sanchez de Padilla's contention that her statements at the border were made under duress are not supported by the record. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements by counsel are not evidence).

The agency did not err or violate due process in denying Sanchez de Padilla's motion to withdraw her written pleadings admitting the charges and conceding she was removable for attempted alien smuggling. Because her statements at the border established removability, binding her to her concessions would not produce an unjust result. *See Santiago-Rodriguez v. Holder*, 657 F.3d

2                                                                    15-72291

820, 830-32 (9th Cir. 2011) (absent egregious circumstances, including if binding the noncitizen to the admissions would produce an unjust result, an attorney's written admissions are binding on a noncitizen and may be relied upon as evidence of removability); *Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The agency did not err or violate due process in pretermitting Sanchez de Padilla's application for cancellation of removal, where she cannot show seven years of continuous residency since she was admitted in any status. *See* 8 U.S.C. § 1229b(a)(2); *Alanniz v. Barr*, 924 F.3d 1061, 1067 (9th Cir. 2019) (parole is not considered an "admission" for purposes of 8 U.S.C. § 1229b(a)); *Padilla-Martinez*, 770 F.3d at 830.

As stated in the court's October 20, 2015, order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-72291