**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE FLORES DE LA ROSA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71072

Agency No. A208-132-742

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Jose Flores De La Rosa[1], a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    Although petitioner's name appears as "Jose Flores De La Rosa" in
the Petition for Review and Opening Brief, it appears as "Jose Flores-De La Rosa"
in the agency decisions, Notice to Appear, and Answering Brief.

reconsider and reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of motions to reopen or to reconsider for abuse of discretion. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider as untimely where it was filed more than 30 days after the order of removal became final. *See* 8 U.S.C. § 1229a(c)(6)(B) (motions to reconsider must be filed within thirty days of final administrative order); 8 C.F.R. § 1003.2(b)(2) (same).

The BIA did not abuse its discretion in denying Flores De La Rosa's motion to reopen to apply for cancellation of removal, where Flores De La Rosa failed to offer evidence that was not previously available. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (new evidence in support of a motion to reopen must not have been able to be discovered or presented at the time of the former hearing); *see also Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements of counsel do not constitute evidence). The BIA also did not abuse its discretion in denying Flores De La Rosa's motion to reopen to apply for asylum where he failed to establish prima facie eligibility for such relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate

2                                                                     20-71072

prima facie eligibility for the underlying relief.").

We reject as unsupported by the record Flores De La Rosa's contentions that, in its analysis of his motion to reopen, the BIA misstated facts, including whether Flores De La Rosa articulated a fear of returning to Mexico, or otherwise erred in the analysis of his motion.

Flores De La Rosa's remaining contentions that the BIA ignored arguments, failed to provide a reasoned explanation, or otherwise violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**